IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM RINICK,** | : | **CIVIL NO. 1:16-CV-2165** |
| Petitioner | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| **WARDEN, SCI-MAHANOY,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner William Rinick ("Rinick"), an inmate confined at the State Correctional Institution at Mahanoy in Frackville, Pennsylvania. (Doc. 1). Rinick requests that his federal sentence, which he has not yet begun to serve, run retroactively concurrent to the state sentence he is now serving. (Id.) The petition is ripe for disposition and, for the reasons set forth below, the court will dismiss the petition.

**I.    Background**

On July 10, 2002, the Philadelphia Court of Common Pleas sentenced Rinick to a term of imprisonment of six to twenty-three months for simple assault. Rinick v. Grace, et al., No. 1:04-CV-1245 (M.D. Pa. 2004) at (Doc. 8, Attach. A-5). At the time of sentencing, other *state* charges were pending against him. Id. at (Doc. 8, Attach. A-1, 2). In addition, while serving the sentence for assault, Rinick was indicted on numerous *federal* counts related to possession and distribution of cocaine. See

United States v. Rinick, 219 F. App'x 238 (3d Cir. 2007). Federal authorities subsequently took Rinick into temporary custody via a writ of habeas corpus *ad prosequendum* to answer the charges. Rinick v. Grace, et al., No. 1:04-CV-1245 at (Doc. 9, Exs. B, C). Rinick was ultimately convicted of the federal charges relating to the possession and distribution of cocaine. See United States v. Rinick, 219 F. App'x 238. On May 7, 2003, the United States District Court for the Eastern District of Pennsylvania sentenced Rinick to a 360-month term of imprisonment. See id. Rinick was returned to the custody of the Commonwealth of Pennsylvania to continue serving his assault sentence and await trial on the pending state murder charges. See Commonwealth v. Rinick, 2017 WL 2733785, *1 n. 5 (Pa. Super. 2017).

On May 14, 2003, a detainer was lodged against Rinick requesting that the Pennsylvania state custodian notify the United States Marshals prior to Rinick's state release, so the United States Department of Justice could assume custody of Rinick to begin serving his federal sentence. Id.

On October 31, 2003, the Philadelphia Court of Common Pleas sentenced Rinick to a term of life imprisonment on the additional state charge of first degree murder, and he was transferred to the custody of the Pennsylvania Department of Corrections. Id. at *1.

Rinick filed the instant habeas petition wherein he claims that, based upon the sentencing sequence, his federal sentence should run retroactively concurrent to the state sentence he is now serving. Rinick contends that he should be transferred to the custody of the Bureau of Prisons ("BOP") for service of his federal sentence.

## II. Discussion

Respondent contends that the instant petition should be dismissed because Rinick fails to meet the "in custody" requirement of 28 U.S.C. § 2241 as the BOP may not compute Rinick's federal sentence until he is relinquished to their custody, Rinick failed to exhaust administrative remedies, and, the petition is successive and an abuse of writ. (Doc. 6). The court will address these arguments *seriatim*.

### A. Primary Jurisdiction Doctrine

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In determining the commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody. . . . " 18 U.S.C. § 3585(a).

The computation of a federal sentence is complicated when an inmate is subject to sentences imposed by more than one sovereign. The primary custody doctrine provides that the first sovereign to arrest an individual is entitled to have that individual serve a sentence imposed by that sovereign before he serves a sentence imposed by another sovereign. See Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996) aff'd, 100 F.3d 946 (3d Cir. 1996). The arresting sovereign retains primary

jurisdiction until it relinquishes jurisdiction by release on bail, dismissal of charges, parole, or expiration of the sentence. Id. Transfer of a state prisoner pursuant to a federal writ of habeas corpus *ad prosequendum* does not amount to a relinquishment of a state's primary jurisdiction. Chambers, 920 F. Supp. at 622-23. A prisoner produced under such a writ is essentially "borrowed" from the state with primary jurisdiction. Id.; see also Thomas v. Brewer, 923 F.2d 1361, 1366-68 (9th Cir. 1991).

In the present matter, the Commonwealth of Pennsylvania was the first sovereign to arrest and charge Rinick in May, 2002. Therefore, Pennsylvania had primary jurisdiction over Rinick. While Rinick was temporarily transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*, he nevertheless remained in the primary custody of the state of Pennsylvania. See Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner"). Rinick's temporary transfer to federal custody pursuant to a writ of habeas corpus *ad prosequendum* was insufficient to interrupt the state's primary jurisdiction. George v. Longley, 463 F. App'x 136, 140 (3d Cir. 2012) (citing Ruggiano v. Reish, 307 F.3d 121, 125 n. 1. (3d Cir. 2002)). As such, Rinick was in primary state custody at the time of sentencing on his federal charges.

If an inmate was in primary state custody when the federal sentence was imposed, the BOP must determine whether the federal sentencing court expressed an intent as to whether the federal sentence should run concurrently or

consecutively with the non-federal sentence. Setser v. United States, 566 U.S. 231, 244 (2012). If the federal sentencing court is silent, the BOP construes the court's silence as an intent to impose a consecutive sentence. See, e.g., Galloway v. Warden of F.C.I. Fort Dix, 385 F. App'x 59, 60 (3d Cir. 2010) (citing BOP Program Statement 5160.05). In such a case, the federal sentence commences only upon the state's relinquishment of primary jurisdiction over the petitioner. Id. at 62 n.3 (citing Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000)). A state court's direction that the state and federal sentences run concurrently does not bind the Federal Bureau of Prisons or federal courts in any way. Barden v. Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1991) (citing U.S. Const. art. VI, cl. 2.)

During sentencing on the federal charges, it does not appear that the federal court ordered that Rinick's federal sentence be served concurrent with his state sentence. See Rinick v. Grace, et al., No. 1:04-CV-1245, (Doc. 9, Ex. C). The federal sentencing court expressly clarified that, "it is the Court's position that [Rinick's] federal sentence should be served consecutive to his state court sentence." United States v. Rinick, No. 02-cr-492-01 (E.D. Pa.) at (Doc. 220).

Pennsylvania did not relinquish jurisdiction over Rinick prior to his federal sentencing date. Rinick was brought before the federal court pursuant to a writ of habeas corpus *ad prosequendum*. Rinick was in the primary custody of the state when his federal sentence was imposed and his federal sentence was not imposed to run concurrent to any state sentence. Consequently, he was returned to the state after his federal sentencing hearing and he is not considered to be "in custody" for purposes of 28 U.S.C. § 2241. Because Rinick is still in state custody, he cannot

5

challenge the BOP's calculation of a federal sentence which he has not yet begun to serve, and which has not yet even been computed by the BOP. See United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990) (generally, a federal sentence does not commence until the Attorney General of the United States receives the defendant into custody for service of his sentence); Chambers, 920 F. Supp. at 621. Consequently, the petition will be dismissed on this ground.

### B. Exhaustion of Administrative Review

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust the administrative review process prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). The administrative review procedure to be utilized by federal inmates is established by the BOP and set forth at 28 C.F.R. §§ 542.10-542.19. Pursuant to this protocol, an inmate must first present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. See 28 C.F.R. § 542.13(a). If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. See id. An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process. See 28 C.F.R. § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and the General Counsel of the BOP. See 28 C.F.R. § 542.15. A

BOP decision is not final—and thus not reviewable—until relief has been denied by the General Counsel's Office. Id.

Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). Nevertheless, exhaustion of administrative procedures is not required it is deemed to be futile. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (finding exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (concluding that exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. July 10, 2000) (holding exhaustion not required where delay would subject petitioner to "irreparable injury").

Even if Rinick is deemed to be in federal custody, he has failed to pursue administrative review of any of his present claims. Therefore, the petition for a writ of habeas corpus will also be dismissed on the alternative ground of failure to exhaust administrative remedies.

C.     **Abuse of Writ Doctrine**

Under the abuse of the writ doctrine, a federal court "may not reach the merits of: (a) <u>successive claims</u> that raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an <u>abuse of the writ</u>; or (c) <u>procedurally</u> defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims", unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice. <u>Sawyer v. Whitley</u>, 505 U.S. 333, 338 (1992) (citations omitted) (emphasis in original). The government bears the burden of pleading abuse of the writ. <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 494-95 (1991); <u>Zayas v. I.N.S.</u>, 311 F.3d 247, 254 (3d Cir. 2002). The burden to disprove abuse then becomes the petitioner's, who must make a "colorable showing of factual innocence." <u>Furnari v. Parole Com'n</u>, 531 F.3d 241, 251 (3d Cir. 2008).

A review of <u>Rinick v. Grace, et al.</u>, 1:04-CV-1245, reveals that Rinick raised essentially the same issues in a previous section 2241 habeas petition. In that case, the court ruled as follows:

> The Commonwealth of Pennsylvania was the first sovereign to arrest and charge Rinick, and therefore had primary jurisdiction over him. Although federal authorities took temporary custody over Rinick for purposes of answering federal charges, the Commonwealth's primary jurisdiction was never relinquished. As such, Rinick was properly committed to a state institution to serve out his state sentences.

<u>Id.</u> at (Doc. 11 at 3).

Clearly, the court previously ruled on the issue presented in the instant matter. We conclude that Rinick's claim that state officials should have first relinquished him to federal officials to serve his federal sentence is barred by the abuse of writ doctrine and will be dismissed.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed. An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: December 20, 2018